IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Steven Wayne Oxendine, | ) | C/A No. 2:20-cv-1507-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Major Joey Johnson, Eddie Hill, and Officer Atwoods, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) (the "Report"). [ECF No. 19.] In the Report, the Magistrate Judge recommends dismissing Plaintiff's amended complaint, with prejudice, for failure to state a claim upon which relief can be granted. Plaintiff filed objections to the Report on July 26, 2021. [ECF No. 21.] Thus, the matter is ripe for consideration by this court. For the reasons set forth below, the court adopts the Report in its entirety.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to

1

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleadings] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

## DISCUSSION

Plaintiff raises five objections to the Report. First, the court addresses his second objection to the Report's finding that his claims for declaratory and injunctive relief are moot. Plaintiff's amended complaint alleges Defendants violated his First Amendment rights when they limited his access to personal religious items—namely a medicine bag, headband/bandana, and prayer feather. *Id.* at 3. He seeks declaratory and injunctive relief enabling him to wear or carry these times without restriction. *Id.* The alleged First Amendment violation occurred while Plaintiff was housed at the J. Reuben Long Detention Center ("J. Reuben Long"), and Plaintiff has since been transferred to Evans Correctional Institutional ("Evans Correctional") to serve a ten-year sentence. *Id.* at 6. Thus, the Report concludes Plaintiff's request for relief from the detention center's "alleged restrictions on his religious expression are now moot." *Id.*

Plaintiff disagrees, arguing it is "likely" and "possible" he will be transferred back to J. Reuben Long in the future. [ECF No. 21 at 2.]  However, Fourth Circuit precedent supports the Report's finding that Plaintiff's transfer renders his claims for declaratory and injunctive relief moot. *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 249 (4th Cir. 2005) (presuming former pretrial detainee will abide by the law in the future and finding his request for injunctive relief moot); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (finding prisoner's Eighth Amendment claims for injunctive and declaratory relief moot based on transfer); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief).  Thus, the court overrules Plaintiff's objection and finds his claims for declaratory and injunctive relief against Defendants mooted by his transfer.  As a result, the court need not address Plaintiff's fourth objection regarding his First Amendment protection as a pre-trial detainee. *See* [ECF No. 21 at 1–2.]

The court turns now to Plaintiff's remaining three objections regarding his claim for monetary damages.  Although the damages claim survived Plaintiff's transfer from J. Reuben Long, the Report found the claim nevertheless subject to summary dismissal because Plaintiff's amended complaint failed state a plausible claim under the Free Exercise Clause of the First Amendment. *See* [ECF No. 19 at 7–8.]  Alternatively, the Report found dismissal appropriate because Defendants are entitled to Eleventh Amendment immunity on the claim. *Id.* at 8.  Plaintiff objects to both grounds.

Regarding the failure to state a plausible claim, the Report found Plaintiff's amended complaint failed to provide more factual support regarding the nature of Defendant's alleged interference and "failed to allege facts sufficient to show how Defendants' accommodations interfered with a tenet of his religious doctrine or burdened his exercise of religion beyond a level of inconvenience."

3

[ECF No. 19 at 8.] In his objections, Plaintiff states "his religious belief counsels him not to be without his personal religious items," ECF No. 21 at 1, and he was "significantly burdened" when Defendant denied him access to religious items to which he was entitled. [ECF No. 21 at 2.] This bare assertion does not provide further factual support or cure the defects identified in the Report. As a result, the court overrules Plaintiff's objection and adopts the Report's recommendation to dismiss his monetary claims due to his failure to state a plausible claim.

Finally, regarding Report's alternate ground for dismissal, Plaintiff argues the Eleventh Amendment does not bar his claim for damages against Defendant Eddie Hill because he is not a detention center officer. [ECF No. 21 at 2]; *see* [ECF No. 12, Am. Compl (listing Hill as "Chaplain" at J. Reuben Long)]. Although it is not necessary to reach the merits of this objection because the court adopts the Report's primary ground for dismissal, the court notes the Report's Eleventh Amendment immunity finding was not based on Hill's status as an officer, but rather as an *employee* of J. Reuben Long acting in his official capacity. *See* [ECF No. 19 at 9.] Thus, Plaintiff has not pointed the court to an error in the Report, and the court overrules his objection.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court adopts the Report, ECF No. 19, in its entirety and incorporates it by reference herein. As a result, the court **DISMISSES** this action, with prejudice, for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

October 6, 2022
Florence, South Carolina